UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | |
|---|---|
| NICOLE RAYNOR )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GLOBAL CREDIT & COLLECTION )<br>CORPORATION. )<br>)<br>Defendant. ) | Civil Action No: 7:11-cv-13-H2 |

## ANSWER

**COMES NOW** defendant Global Credit & Collection Corporation ("Global"), by and through its undersigned counsel, specifically reserving its right to seek arbitration of plaintiff Nicole Raynor's ("Plaintiff") claims pursuant to 9 U.S.C. § 1, *et seq*., and for its answer to Plaintiff's Complaint, states as follows:

### FIRST DEFENSE

1. To the extent this averment requires a response, Global denies any violation of the Fair Debt Collection Practices Act.

### JURISDICTION AND VENUE

2. Paragraph 2 of the Complaint asserts a legal conclusion for which no response is required. In the event a response is required, Global denies the allegations contained in paragraph 2 and demands strict proof thereof.

3. Paragraph 3 of the Complaint asserts a legal conclusion for which no response is required. In the event a response is required, Global denies the allegations contained in paragraph 3 and demands strict proof thereof.

4. Paragraph 4 of the Complaint asserts a legal conclusion for which no response is required. In the event a response is required, Global is without sufficient knowledge or information to admit or deny the allegations in Paragraph 4 and, therefore, denies the same and demands strict proof thereof.

**PARTIES**

5. Global is without sufficient knowledge or information to admit or deny the allegations in Paragraph 5 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

6. Paragraph 6 of the Complaint asserts a legal conclusion for which no response is required. In the event a response is required, Global is without sufficient knowledge or information to admit or deny the allegations in Paragraph 6 and, therefore, denies the same and demands strict proof thereof.

7. Paragraph 7 of the Complaint asserts a legal conclusion for which no response is required. In the event a response is required, Global admits that it engages in the business of collecting debts for others, but is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 7 and, therefore, denies the same and demands strict proof thereof.

8. Global admits that it is a Delaware corporation with an office in the State of New York. Except as specifically admitted herein, Global denies the allegations in Paragraph 8 of Plaintiff's Complaint and demands strict proof thereof.

9. Global denies the allegations in Paragraph 9 of Plaintiff's Complaint and demands strict proof thereof.

## FACTUAL ALLEGATIONS

10. Global denies the allegations in Paragraph 10 of Plaintiff's Complaint and demands strict proof thereof.

11. Global is without sufficient knowledge or information to admit or deny the allegations in Paragraph 11 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

12. Global is without sufficient knowledge or information to admit or deny the allegations in Paragraph 12 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

13. Global denies the allegations in Paragraph 13 of Plaintiff's Complaint and demands strict proof thereof.

14. Global denies the allegations in Paragraph 14 of Plaintiff's Complaint and demands strict proof thereof.

15. Global denies the allegations in Paragraph 15 of Plaintiff's Complaint and demands strict proof thereof.

16. Global denies the allegations in Paragraph 16 of Plaintiff's Complaint and demands strict proof thereof.

## COUNT I.
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

Global reincorporates its previous responses as if fully set out herein.

17. Global denies the allegations in Paragraph 17, including subsections (a)-(g), of Plaintiff's Complaint and demands strict proof thereof.

18. Global denies the allegations in Paragraph 18 of Plaintiff's Complaint and demands strict proof thereof. Global further denies that Plaintiff is entitled to any statutory damages or other relief whatsoever and demands strict proof thereof.

19. Global denies the allegations in Paragraph 19 of Plaintiff's Complaint and demands strict proof thereof. Global further denies that Plaintiff is entitled to any attorney's fees or other relief whatsoever and demands strict proof thereof.

20. Global denies the allegations in Paragraph 20 of Plaintiff's Complaint and demands strict proof thereof. Global further denies that Plaintiff is entitled to any relief whatsoever and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### SECOND DEFENSE

Plaintiff's claims against Global are subject to arbitration.

### THIRD DEFENSE

Global reserves the right to assert that venue is improper.

### FOURTH DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### FIFTH DEFENSE

Plaintiff's claims against Global are barred by the applicable statute of limitations.

### SIXTH DEFENSE

Global pleads the affirmative defenses of laches and estoppel.

### SEVENTH DEFENSE

The claims asserted by Plaintiff against Global are barred by any bankruptcy case filed by Plaintiff, based on the doctrines of *res judicata*, judicial estoppel, 11 U.S.C. § 1327(a), 11 U.S.C. § 704, 11 U.S.C. § 541, waiver, equitable estoppel, and release. Moreover, as a result of any

such prior proceedings, Plaintiff is not the real party in interest to bring the present claims and lacks standing to pursue the causes of action.

## EIGHTH DEFENSE

Plaintiff's claims against Global are barred by the doctrines of acquiescence, consent and waiver.

## NINTH DEFENSE

Plaintiff lacks standing.

## TENTH DEFENSE

Any violation of the Fair Debt Collection Practices Act, which Global denies, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## ELEVENTH DEFENSE

Plaintiff consented to being called at the subject phone numbers.

## TWELFTH DEFENSE

Global's conduct was in good faith in conformity with the formal opinions and declaratory rulings of the Federal Trade Commission and the Federal Communications Commission.

## THIRTEENTH DEFENSE

Global reserves the right to assert additional defenses. To the extent that any of the foregoing allegations in the Complaint have not been expressly admitted or denied, they are hereby denied.

Respectfully submitted,

*/s/ William J. Long*
William J. Long IV (N.C. Bar No. 34845)

Attorney for Defendant
GLOBAL CREDIT & COLLECTION CORPORATION

**OF COUNSEL:**
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
Email: jlong@burr.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, on this the 8th day of February, 2011:

Christopher D. Lane
Law Offices of James Davis & Associate
3333 Brookview Hills Blvd., Suite 206
Winston-Salem, NC 27103

*/s/ William J. Long*
Of Counsel

1894286 v1

6

Case 7:11-cv-00013-H   Document 4   Filed 02/08/11   Page 6 of 6